UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN L. BUNIFF** | **CIVIL ACTION** |
| **versus** | **NO. 07-1779** |
| **BURL CAIN, WARDEN** | **SECTION: "B" (6)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, John L. Buniff, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On September 25, 2000, he was convicted of second-degree murder in violation of Louisiana law.[2] On December 14, 2000, he was sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.[3] On December 30, 2002, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction.[4] The Louisiana Supreme Court denied his related writ application on May 9, 2003.[5]

On May 7, 2004, petitioner, through counsel, filed with the state district court an application for post-conviction relief.[6] That application was denied August 10, 2004, without an evidentiary hearing.[7] The Louisiana Fifth Circuit Court of Appeal subsequently granted petitioner's related writ application and remanded the matter for an evidentiary

---

[2] State Rec., Vol. VI of VIII, transcript of September 25, 2000, p. 182; State Rec., Vol. I of VIII, minute entry dated September 25, 2000; State Rec., Vol. I of VIII, jury verdict form.

[3] State Rec., Vol. II of VIII, transcript of December 14, 2000; State Rec., Vol. I of VIII, minute entry dated December 14, 2000.

[4] State v. Buniff, No. 02-KA-0567 (La. App. 5th Cir. Dec. 30, 2002) (unpublished); State Rec., Vol. I of VIII.

[5] State v. Buniff, 843 So.2d 396 (La. 2003) (No. 2003-K-0298); State Rec., Vol. I of VIII. He thereafter filed an application for reconsideration which the court also denied on June 27, 2003. State v. Buniff, 847 So.2d 1257 (La. 2003) (No. 2003-K-0298); State Rec., Vol. I of VIII.

[6] State Rec., Vol. II of VIII.

[7] State Rec., Vol. II of VIII, Order dated August 10, 2004.

hearing.[8] Petitioner then filed a supplemental post-conviction application on February 28, 2005,[9] and an evidentiary hearing was held on May 2, 2005.[10] The state district court thereafter again denied relief on November 28, 2005,[11] and petitioner's related writ applications were denied by the Louisiana Fifth Circuit Court of Appeal on March 24, 2006,[12] and the Louisiana Supreme Court on November 22, 2006.[13]

On April 12, 2007, petitioner, through counsel, filed the instant federal application for *habeas corpus* relief claiming that he received ineffective assistance of counsel. The state contends that petitioner's federal application is untimely.[14] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a

---

[8] State v. Buniff, No. 04-KH-1124 (La. App 5th Cir. Nov. 4, 2004) (unpublished); State Rec., Vol. II of VIII.

[9] State Rec., Vol. II of VIII.

[10] State Rec., Vol. III of VIII, transcript of May 2, 2005.

[11] State Rec., Vol. III of VIII, Order dated November 28, 2005.

[12] State v. Buniff, No. 06-KH-64 (La. App. 5th Cir. Mar. 24, 2006) (unpublished); State Rec., Vol. III of VIII.

[13] State v. Buniff, 942 So.2d 546 (La. 2006) (No. 2006-KP-0936); State Rec., Vol. II of VIII.

[14] Rec. Doc. 9.

judgment is considered "final" upon the expiration of time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).[15]

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on May 9, 2003.  Therefore, under § 2244(d)(1)(A), his conviction became "final" ninety (90) days later, i.e. on August 7, 2003, when his period expired for seeking a writ of certiorari from the United States Supreme Court.  See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1).[16]  Accordingly, petitioner's one-year period for seeking federal *habeas corpus* relief commenced on that date and expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling.  The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).

---

[15] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

[16] The Court notes that the finality of petitioner's conviction was not delayed by his filing of the motion for reconsideration with the Louisiana Supreme Court.  Such filings are procedurally improper under state law and do not affect the finality date of a conviction for AEDPA purposes.  Wilson v. Cain, Civ. Action No. 06-890, 2007 WL 1853423 (E. D. La. June 26, 2007).

In the instant case, two hundred seventy-three (273) days of the federal limitations period elapsed prior to being tolled on May 7, 2004, by the filing of petitioner's state post-conviction application. Although that application was denied, tolling continued uninterrupted through the appellate process, so long as appellate review was sought in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-70 (5th Cir. 2004). Assuming that petitioner's related writ applications were timely filed,[17] the Court finds that tolling continued in this case until the Louisiana Supreme Court denied relief on November 22, 2006.[18] At that point, petitioner then had ninety-two (92) days of the limitations period remaining, meaning that his federal limitations period expired on February 22, 2007, unless that deadline was again extended by additional tolling.

Petitioner had no state applications for post-conviction relief or other collateral review pending at any time during the period from November 23, 2006, through February 22, 2007. Accordingly, he clearly was not entitled to further statutory tolling.

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However,

---

[17] The state does not argue that the appellate filings were untimely.

[18] A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 127 S.Ct. 1079, 1083 (2007); Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999).

"[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). Petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before February 22, 2007, in order to be timely. Petitioner's federal application was not filed until April 12, 2007, and it is therefore untimely.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by John L. Buniff be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been

served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

        New Orleans, Louisiana, this _____16th_____ day of September, 2008.

                                                                        _____
                                                                       **LOUIS MOORE, JR.**
                                                                       **UNITED STATES MAGISTRATE JUDGE**