## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN L. BUNIFF** | **CIVIL ACTION** |
| **versus** | **NO. 07-1779** |
| **BURL CAIN, WARDEN** | **SECTION: "B" (6)** |

### SUPPLEMENTAL REPORT AND RECOMMENDATION

On September 16, 2008, the undersigned United States Magistrate Judge issued a report recommending that the instant *habeas corpus* petition be dismissed as untimely. Rec. Doc. 12. On September 30, 2008, petitioner, through counsel, filed objections to that Report and Recommendation. Rec. Doc. 13. On November 17, 2008, the United States District Judge referred the matter to the undersigned for reconsideration of the Report and Recommendation in light of those objections. Rec. Doc. 14. For the following reasons, the undersigned finds that the objections have no merit and again recommends that the instant petition be dismissed with prejudice as untimely for the reasons set forth in the original Report and Recommendation.

As noted in the Report and Recommendation, the Louisiana Supreme Court denied petitioner's writ application on direct appeal on May 9, 2003.[1] Petitioner thereafter filed a motion asking that the Louisiana Supreme Court reconsider that denial; however, that motion was denied on June 27, 2003.[2] The undersigned concluded that the finality date of petitioner's conviction for

---

[1] State v. Buniff, 843 So.2d 396 (La. 2003) (No. 2003-K-0298); State Rec., Vol. I of VIII.

[2] State v. Buniff, 847 So.2d 1257 (La. 2003) (No. 2003-K-0298); State Rec., Vol. I of VIII.

federal limitations purposes was unaffected by his motion for reconsideration. It is that conclusion to which petitioner now objects.

In support of the foregoing conclusion that such motions do not affect the finality date of a conviction for AEDPA purposes, the undersigned cited Wilson v. Cain, Civ. Action No. 06-890, 2007 WL 1853423 (E.D. La. June 26, 2007).[3] In Wilson, United States Magistrate Judge Sally Shushan issued a Report and Recommendation in which she stated:

> [T]he undersigned specifically rejects any contention that the finality date of petitioner's conviction was affected by the *pro se* "Request for Rehearing" he filed with the Louisiana Supreme Court on September 27, 2002. In its decision of September 13, 2002, the Louisiana Supreme Court issued a one-word denial of petitioner's application for a writ of certiorari and/or review challenging the intermediate appellate court's affirmance of his conviction and sentence. Under Louisiana law, the Louisiana Supreme Court will not entertain a request for a rehearing of such a decision. Rather, the Rules of the Louisiana Supreme Court expressly provide in pertinent part: "An application for rehearing will not be considered when the court has merely granted or denied an application for a writ of certiorari or a remedial or other supervisory writ ...." Louisiana Supreme Court Rule IX, § 6; see also State v. Sanders, 337 So.2d 1131 (La. 1976) ("Because rehearings are not available from denial of a writ application, we may not consider the rehearing application."). Federal *habeas corpus* jurisprudence holds that such requests for rehearing are procedurally improper and therefore do not affect the finality date of a Louisiana state court conviction. Rogers v. Cain, Civil Action No. 05-0400, 2006 WL 2178579, at *3 (E.D. La. June 2, 2006) (Moore, M.J.), *adopted* by Feldman, J., on July 28, 2006, *certificate of appealability denied*, No. 06-30879 (5th Cir. Apr. 5, 2007); McGrew v. Cain, Civil Action No. 05-0383, at pp. 17-18 (E.D. La. June 8, 2005) (Wilkinson, M.J.), *adopted* by Duval, J., on February 9, 2006, *certificate of appealability denied*, No. 06-30285 (5th Cir. Oct. 24, 2006).

---

[3] Rec. Doc. 12, p. 4 n.16.

Wilson, 2007 WL 1853423, at *2.  United States District Judge Jay C. Zainey approved Magistrate Judge Shushan's Report and Recommendation and adopted it as his opinion in the matter.  Id. at *1.  That same conclusion has also been reached in at least one subsequent case.  Ballay v. Louisiana, No. 06-10699, 2007 WL 4413990, at *3 n.24 (E.D. La. Dec. 13, 2007).

In the objections, petitioner's counsel notes that, at least in some circumstances, the Louisiana Supreme Court entertains motions for rehearing, citing Louisiana Supreme Court Rule IX, § 1.  While that observation is accurate, it is also meaningless in the instant case.  Petitioner's counsel conveniently and disingenuously ignores § 6 of that *same* rule which, as noted by Magistrate Judge Shushan, *expressly* states that "[a]n application for rehearing *will not be considered when the court has merely* granted or *denied an application for a writ of certiorari or a remedial or other supervisory writ* ...."  Louisiana Supreme Court Rule IX, § 6 (emphasis added).  Therefore, again, the undersigned concludes that such applications are procedurally improper under state law and do not affect the finality date of petitioner's conviction for AEDPA purposes.

Petitioner's counsel also argues in the objections that, at a minimum, petitioner should be granted equitable tolling for the period of time the motion for reconsideration was pending before the Louisiana Supreme Court.  That, too, is incorrect.  The United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, *in rare and exceptional circumstances,* be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  "Equitable tolling is warranted, however, *only* in situations where the plaintiff is *actively misled* by the defendant or is *prevented in some extraordinary way* from asserting his rights."  Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002) (quotation marks and ellipsis omitted; emphasis added).

Equitable tolling is justified neither by a *pro se* prisoner's ignorance or mistake nor by the error of a represented prisoner's counsel. Id. at 848-49. Equitable tolling simply is not warranted because a petitioner has, to his detriment, waited for a state court to rule on an improper filing. See, e.g., Souliere v. Edwards, No. CV-05-4032, 2008 WL 2797017, at *5 (D. Ariz. July 21, 2008).

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petitioner's objections be **OVERRULED** and that his application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 20th day of November, 2008.

                                        **LOUIS MOORE, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**